IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-01145-PAB-BNB

RENE TENEELE MORRIS,

    Plaintiff,

v.

DUKE SCHIRARD as SHERIFF LA PLATA COUNTY, STATE OF COLORADO,
LA PLATA COUNTY SHERIFF'S OFFICE,
JOELLE RIDDLE, COMMISSIONER,
KELLIE HOTTER, COMMISSIONER,
WALLY WHITE, COMMISSIONER,
THE BOARD OF COUNTY COMMISSIONERS of the COUNTY OF LA PLATA, STATE OF COLORADO,
COUNTY OF LA PLATA, a political subdivision of the STATE OF COLORADO, and
DOES 1-5, INCLUSIVE,

    Defendants.

---

## ORDER DENYING MOTION TO REMAND

---

This matter comes before the Court on plaintiff's motion to remand [Docket No. 8]. Plaintiff's complaint – originally filed in the District Court for La Plata County, Colorado on April 21, 2010 – asserts seven claims for relief against the defendants. On May 17, 2010, defendants removed the case to this Court alleging that "[t]his is an action in which the district courts of the United States have original jurisdiction under the federal question provisions of 28 U.S.C. § 1331 because Plaintiff has asserted a due process violation/taking claim (Second Claim for Relief)." Notice of Removal [Docket No. 1] at 2. Plaintiff's second claim for relief states:

> Plaintiff was deprived of valuable and protected property interests in the form of her employment position and the income and benefits to be derived there from as well as the status thereof without due process and the elements thereof, all to her loss and damage in a sum according to proof at time of trial, recovery of which is sought by way of this claim.

Verified Compl. for Wrongful Termination, Sexual Invidious Discrimination, Defamation and Damages [Docket No. 1-1] ("Compl.") ¶ 20.  Defendants make no specific suggestion regarding the grounds on which the Court should exercise jurisdiction over plaintiff's attendant state-law claims.

In her motion to remand, plaintiff first suggests that she intended to bring her second claim under the due process and takings provisions of the Colorado Constitution.  *See* Pl.'s Mot. to Remand [Docket No. 8] ¶ 3.  However, she later notes that "[t]o the extent that Plaintiff's second cause of action may rest upon any federal law, Ms. Morris' allegations arguably sound in 42 USC §1983 which affords relief for deprivation of constitution rights 'by a person acting under color of state law.'" Pl.'s Mot. to Remand ¶ 5.  Had she so decided, plaintiff could have avoided the jurisdiction of this Court by disclaiming any federal claim.  *See Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir.1996) ("[P]laintiff is the 'master of the claim' and may prevent removal by choosing not to plead a federal claim even if one is available."). However, she has not done so and, instead, admits that at least one claim may rest upon federal law.  If plaintiff believes that one of her claims is potentially based upon federal law, it is appropriate to assume that it does.

Generally speaking, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006).  Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, (1908)) (internal quotation marks and alteration marks omitted). Because plaintiff is asserting a claim under the United States Constitution, this Court has jurisdiction over this action, and defendants had a right to remove the case to this Court.

Therefore, it is

**ORDERED** that plaintiff's motion to remand [Docket No. 8] is DENIED.

DATED July 28, 2010.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge