IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 10-cv-01145-PAB-BNB

RENE TENEELE MORRIS,

    Plaintiff,

v.

DUKE SCHIRARD as SHERIFF LA PLATA COUNTY, STATE OF COLORADO;
LA PLATA COUNTY SHERIFF'S OFFICE;
JOELLE RIDDLE, KELLIE HOTTER AND WALLY WHITE as COMMISSIONERS; the BOARD OF COUNTY COMMISSIONERS of the COUNTY OF LA PLATA, STATE OF COLORADO;
COUNTY OF LA PLATA, a political subdivision of the STATE OF COLORADO; and
DOES 1-5, INCLUSIVE.

## PROTECTIVE ORDER

The Court, having reviewed Defendants' Motion for Protective Order and being sufficiently advised, **GRANTS** the Motion and **ORDERS**:

1. In this action, at least one of the parties has sought and/or may seek to discover Confidential Information, including Protected Health Information. "Confidential Information" and "Protected Health Information" are defined in part, in paragraphs 6, 7, and 8, below.

2. The purpose of this Protective Order is to preclude disclosure of confidential information to any person or entity not subject to this litigation as defined in this Protective Order. It is anticipated that some of the Confidential Information may, <u>but not necessarily would</u>, lead to questioning concerning Confidential Information and Protected Health Information in the course of depositions. Defendants assert the disclosure of Confidential

Information and Protected Health Information could result in significant injury to one or more of the parties' business or privacy interests, and the privacy interests of persons not parties to this litigation, and/or without an agreement, a possible violation of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3. Defendants request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information and Protected Health Information except as set forth herein, and prohibiting the parties from using or disclosing the Confidential Information and Protected Health Information for any purpose other than this litigation.

4. This agreement does not constitute a global waiver by any party as to whether any confidential or privileged information is discoverable, but rather, is a mechanism by which confidential information that is disclosed is prevented from being used for any purpose outside this litigation by any party.

5. This Protective Order shall apply to all documents, files or portions of files, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

      6.     "Confidential Information," includes, but is not limited to, "Protected Health Information," any documents, records, files or portions of files, materials, electronically stored information, transcribed testimony, or responses to discovery requests, including any extract, abstract, chart, summary, note, or copy made therefrom – not made available to the public – and designated by one of the parties in the manner provided in paragraphs 10, 11, and/or 12 below as containing Confidential Information or Protected Health Information.

      7.     "Confidential Information" includes, but is not limited to, information that is confidential and implicates common law and statutory privacy interests of the Plaintiff and the Defendants in this matter, including current and former employees of the La Plata County Sheriff's Office and/or La Plata County, and other individuals not parties to this litigation identified in documents, records, files or portions of files, and materials, whether or not electronically stored, of the La Plata County Sheriff and/or La Plata County. *See, e.g.*; COLO. REV. STAT. § 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer*, 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.*, 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel/employment file records); *Everitt v. Brezzel*, 750 F. Supp. 1063 (D. Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver*, 612 P.2d 1083 (Colo. 1980). ~~"Confidential Information" may include, but is not limited to:~~

~~a.  medical records and/or "Protected Health Information";~~

b. the parties and/or their representatives' personnel files;

c. personnel files of current and former employees of the Sheriff of La Plata County and/or La Plata County and related documents;

d. internal investigation files of the Sheriff of La Plata County; and

~~e.  witness statements;~~

~~8.  "Protected Health Information" includes, but is not limited to, a patient's name, address, birth date, admission date, discharge date, date of death, telephone number, fax number, e-mail address, social security number, medical records number, insurance plan information, account number, certificate/license number, vehicle identifier and license number, device identifier and serial number, URL, IP address number, biometric identifier including voice and fingerprints, photographs, and any other unique identifying number, characteristic or code.~~

9. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

10. Documents containing "Confidential Information," including, but not limited to, "Protected Health Information," are designated as CONFIDENTIAL by an attorney for the party determining that the document contains CONFIDENTIAL information and directing that the following or other appropriate notice: "CONFIDENTIAL" be placed or affixed on the document (in a manner that will not interfere with their legibility). Designation or identification, or

assertion of a document as confidential or privileged does not necessarily indicate it is discoverable.

11. Responses to discovery requests are designated as CONFIDENTIAL by imprinting the word "CONFIDENTIAL" next to or above the response.

12. Whenever a deposition involves the disclosure of CONFIDENTIAL Information, the deposition or potions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Admissibility of the designated confidential information will be reserved for and addressed at trial.

13. Individuals authorized to review CONFIDENTIAL Information pursuant to this Protective Order including, but not limited to, the parties to this action and their undersigned counsel, shall hold CONFIDENTIAL Information in confidence and shall not divulge the CONFIDENTIAL Information, either verbally or in writing, to the media or any other person, entity or government agency unless authorized to do so by court order. CONFIDENTIAL Information shall not be disclosed, revealed, leaked to the media (inadvertently or otherwise), or used for any purpose except the preparation and trial of this case. CONFIDENTIAL Information shall not be communicated by any party's counsel or a party in any manner, either directly or indirectly, to anyone, except for purposes of this case, and unless such person is directly

associated with prosecuting or defending this case and has provided thereafter acknowledgement as depicted in Attachment A. These restrictions shall be strictly construed.

14. CONFIDENTIAL Information may be disclosed to the following, provided that these persons comply with the terms of this Protective Order, and are not involved with or connected to the media:

    a. attorneys actively working on this case and their support staff;

    b. the parties and designated representatives for the Defendants, and their respective employees, agents and representatives;

    c. expert witnesses, and consultants retained, or consultants and their staffs, in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    d. stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    e. deponents; and

    f. other persons by written agreement of the parties.

The parties, their attorneys and support staff, and stenographic reporters shall not be required to complete an affidavit as set forth in paragraph 13.

15. The party's counsel who discloses CONFIDENTIAL Information shall send to the recipient of the information a copy of the Protective Order and obtain a written acknowledgment from the recipient that they have reviewed and will abide by the Protective Order. The subject party's counsel shall maintain a list of all persons to whom any CONFIDENTIAL Information is disclosed and retain the written acknowledgments.

16.   During the pendency of this action, opposing counsel may upon Court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 15 above upon showing of substantial need in order to establish the source of an unauthorized disclosure of CONFIDENTIAL Information and that opposing counsel are unable to otherwise identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms conditions deemed appropriate by the Court. To the extent such a challenge arises prior to the parties' expert disclosures, the names of the experts to whom the documents were sent will not need to be disclosed, unless the Court Orders such disclosure, and then, the name will be disclosed to the Court only, *in camera.*

17.   No copies of CONFIDENTIAL Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including, but not limited to, for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation.

18.   A party may object to the designation of particular CONFIDENTIAL Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court

rules on the motion. If the designating party fails to file such a motion with the prescribed time, the disputed information shall lose its designation CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

19. In the event it is necessary for the parties to file CONFIDENTIAL Information with the Court in connection with any proceeding or motion, the CONFIDENTIAL Information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

20. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of CONFIDENTIAL Information pursuant to this Protective Order.

21. The parties adopt no position as to the authenticity or admissibility of any document produced subject to this Protective Order. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

22. Upon termination of this litigation, including any appeals, each party's counsel shall immediately return to the producing party or destroy all CONFIDENTIAL Information provided subject to this Protective Order.

23. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which CONFIDENTIAL

Information shall be treated at trial.

24.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all Parties and an opportunity for them to be heard.

SO ORDERED this _2d_ day of _August_ 2010.

BY THE COURT:

_____
United States Magistrate Judge